ALBERT SMITH, Appellant, v. JOHN DUNCAN and F. O. BUELL, Respondents.

No. 1968. Decided January 20, 1909 (99 Pac. 673).

EASEMENTS—GRANTS—RIGHT OF WAY. An owner conveyed to a purchaser a parcel of land, together with the right of way extending from the northeast corner of the parcel "north to" a street for use of the grantee. Subsequently the owner conveyed to a third person the parcel adjacent to the purchaser's parcel, without reserving the right of way. When the first conveyance was made, there were buildings and other improvements which prevented a way due north, but which permitted a way in a northerly direction to the designated street. *Held* that, while the purchaser was entitled to a right of way to the designated street, he was not entitled to a way due north, and he could not cause a removal of permanent improvements standing in the way of such a direct course.

APPEAL from District Court, Fourth District. *Hon. J. E. Booth,* Judge.

Action by Albert Smith against John Duncan and another. From a judgment for defendants, plaintiff appeals.

REVERSED AND REMANDED.

*A. C. Hatch* for appellant.

*D. D. Houtz* and *J. H. McDonald* for respondents.

STRAUP, C. J.

This action arises over a controversy concerning a right of way to plaintiff's premises, a parcel of land 25 by 80 feet in block 102 in Heber city, Wasatch county. The block is divided into four lots. Lot No. 3 is the northwest, and lot No. 4 is the northeast, corner of the block. These lots are bounded on the north by a street called "Fourth Avenue," and on the west by a street called "Main Street." Plaintiff's land is described as running north twenty-five feet from a point three rods north of the southwest corner of lot 3; thence east eighty feet; thence south twenty-five feet; thence west eighty feet. The defendant Buell owns a parcel of land twenty-eight feet north and south by one hundred and five feet east and west, adjoining plaintiff's land on the north. Both of these parcels were owned by the defendant Duncan, who, at the time of the conveyance to plaintiff's grantors, also owned the land lying to the north to Fourth avenue. Duncan conveyed the parcel of land owned by plaintiff to Alfred Richens before he conveyed the parcel owned by Buell. In the deed from Duncan to Richens, after describing the parcel conveyed, is recited: "Also a right of way for wagons extending from the northeast corner of said tract of land herein described north to 4th avenue for the perpetual use of the grantee as an access to and from the premises with teams." Richens conveyed to Carrol, and Carrol to the plaintiff, each granting the same right of way described in the Duncan deed. Duncan conveyed to Buell the parcel of land adjoining plaintiff's land on the north, without reserving a right of way over the land conveyed to Buell. The plaintiff contended that he was entitled to a right of way from the northeast corner of his parcel of land due north to Fourth avenue over Buell's land, and other lands lying to the north of Buell's land. Buell denied plaintiff the right to at all pass over his land. Because of such denial the plaintiff has no access to the rear of his premises.

Duncan denied plaintiff's right to pass due north to Fourth avenue, but permitted him, after leaving Buell's land, to pass to Fourth avenue over lot 4 in a direction east of north. Hence this action. The court found that the plaintiff and his grantors abandoned the right of way granted in their deeds of conveyance. Judgment was therefore entered in favor of the defendants, from which the plaintiff has prosecuted this appeal.

We are of the opinion that the evidence does not support a finding of abandonment, and that the judgment cannot be supported on such a theory. Upon a consideration of all the evidence we are clearly of the opinion that the plaintiff is entitled to a right of way from the northeast corner of his land over Buell's land and Duncan's land to Fourth avenue. We are, however, of the opinion that the plaintiff is not entitled to such a right of way in a direction due north. There is much evidence tending to show, although on some matters conflicting, that when the conveyance was made by Duncan to plaintiff's grantor, granting a right of way "north to Fourth avenue," buildings and other permanent improvements were in the way of a course due north. From the physical condition of the premises made to appear at the time, we think it was fairly contemplated by the parties, by the language in the deed, "north to 4th avenue," not a course due north, but in a northerly direction to Fourth avenue. These structures and physical conditions exist now. At any rate, while we are of the opinion that the plaintiff is entitled to a right of way from his premises to Fourth avenue, still we do not think the equities of the case call for a judgment giving him a right of way due north, and thereby cause a removal of the permanent structures and improvements standing in the way of such a direct course.

The judgment of the court below is reversed, and the case remanded to the trial court with directions to vacate the judgment heretofore entered, and to make findings and enter a judgment in favor of the plaintiff, defining and giving him a right of way to and from his premises at the northeast cor-

ner of Fourth avenue over the lands of Buell and Duncan in a direction as nearly north as may be practical and convenient without interfering with permanent structures and improvements; plaintiff to pay one half, and the defendants the other half, of the costs incurred in both courts. It is so ordered.

FRICK and McCARTY, JJ., concur.